GILLESPIE, Presiding Justice.
This is an appeal by plaintiff Lola Cole from a final judgment of the Circuit Court of the First Judicial District of Hinds County affirming an order of the County Court of the First Judicial District of Hinds County, which sustained a general demurrer to the declaration of plaintiff dismissing the suit. The declaration contains two counts seeking to recover money *557 under the terms of a collision insurance policy issued plaintiff by Motors Insurance Corporation, the defendant. Defendant claims the policy expired about one month before the collision loss to the plaintiff’s automobile.
The essential facts stated in the declaration and admitted by the demurrer are as next stated. On October 26, 1966, through an insurance agency, insurer issued to plaintiff an automobile physical damage policy insuring plaintiff’s 1963 Chevrolet automobile. The policy period was for one year from October 26, 1966. The plaintiff was instructed to direct all correspondence to insurer’s local branch office in Jackson, Mississippi. About twenty days before the expiration of the policy period, insurer mailed plaintiff a written notice that the policy was about to expire and advising plaintiff the amount necessary to extend the policy, and where, when, and how to make payment of the premium. Pursuant to these instructions plaintiff made the required payment at the defendant’s local branch office, thus renewing the policy for the period from October 26, 1967, to October 26, 1968. After purchasing a new Ford and on September 27, 1968, plaintiff went to insurer's local branch office to notify insurer of the change in vehicles and to pay an additional premium in consideration of an endorsement providing coverage on the new Ford. While in the office, plaintiff asked the employee she was dealing with if it was not about time to renew her policy. The employee replied in substance that plaintiff would be notified by letter when it was time to renew her policy, and that plaintiff need not worry about renewal until she received notification from insurer.
Plaintiff alleged that she relied upon this promise and the fact that insurer had previously mailed notice when the premium was due. Plaintiff further alleged that such reliance induced her to rely upon receiving a notification from insurer as to when the policy would expire and when the premium would be due. Insurer failed to mail plaintiff notice that her policy was about to expire, or that the premium was due, or that insurer would decline to renew the policy. Plaintiff alleged that she failed to realize that her policy would expire on October 26, 1968, and did not pay the premium or take other insurance on her Ford automobile. The policy term ended October 26, 1968. It was not renewed. On November 29, 1968, plaintiff’s Ford automobile was involved in an accident and sustained damages exceeding $2,700.
The policy attached to the declaration contains Condition 1, which provides in part: "This policy applies only to loss during the policy period * * *” The declaration page attached to the policy shows all data with reference to premiums, limits of liability and coverages, named of insured, description of vehicle, and policy number. The declaration page also contains at the top thereof and as the first item the following: “1. Conditional upon receipt by the Company of the total premium shown below before the effective date the policy period shall be extended from 10-26-67 to 10-26-68.” The declaration alleged that plaintiff was issued an endorsement on September 27, 1968, substituting the new Ford for the Chevrolet described in the policy as previously issued, and this “substitution of car” endorsement is attached to the declaration. This endorsement showed that the policy expired October 26, 1968, at 12:01 A.M. standard time.
Assuming, only for the purpose of this decision, that a policy could be extended either on the theory of an oral insuring agreement or on the theory of estoppel, the facts alleged in plaintiff’s declaration are not sufficient to invoke either theory. The declaration shows that plaintiff knew the policy was about to expire when she went to insurer’s office to obtain the “substitution of car” endorsement, which was one day less than a month before the policy was to expire by its terms. She received the endorsement that stated that the policy would expire the following October 26. Her allegation that the fact that the insur- *558 anee company had mailed her a notice the year before is wholly insufficient to establish a course of conduct sufficient to justify invoking the doctrine of waiver or es-toppel.
Plaintiff’s failure to pay the premium is affirmatively shown to be the result of her own neglect or inadvertence. We are of the opinion that the facts alleged are not sufficient to invoke the doctrine of estop-pel. Harris v. American Motorist Ins. Co., 240 Miss. 262, 126 So.2d 870 (1961); 28 Am.Jur.2d Estoppel and Waiver § 80.
Affirmed.
ETHRIDGE, C. J., and JONES, INZER and ROBERTSON, JJ., concur.