SUGG, Justice, for the Court:
James Ralph Taylor obtained a judgment for $5,000 against Wolverine Insurance Company in the Circuit Court of Newton County. The only question necessary for decision is whether the insurance policy Taylor secured from Wolverine was canceled by him.
Taylor purchased a house trailer on December 2, 1968 from Akin Mobile Homes, Inc. in Meridian, Mississippi and on the same date secured a Mobile Home Insurance Policy in the amount of $5,000 from Wolverine. The policy period was from December 2, 1968 to December 2, 1969. The policy contained a provision that any loss thereunder was payable to the owner and to the Newton County Bank, Newton, Mississippi as their interest might appear. Taylor satisfied the lien held by Newton County Bank on June 23, 1969 by payment of the note due the bank. On July 7, 1969 Taylor requested Akin Mobile Homes to advise him how to cancel the Wolverine insurance policy. On July 7, 1969 Akin Mobile Homes instructed Taylor to send his policy to Wolverine for cancellation and furnished an envelope for that purpose. On July 9, 1969 Taylor mailed the policy with a cover letter in which he stated: “I would like to have the enclosed policy canceled and mail the balance of the premium to me.”
On July 22, 1969 Brinkley & West, Inc., an agent of Wolverine, sent Newton County Bank a notice that Taylor had requested cancellation of his policy and requested certain information from the Bank. In response thereto, the Bank advised Wolverine’s agent that it had mailed the policy to Taylor along with his paid note and that the Bank’s lien was satisfied on June 23, 1969. This procedure was required by the terms of the policy which provided that the owner could cancel only with the written *700 consent of the lienholder or proof that the lienholder’s interest had been satisfied.
The trailer was destroyed during Hurricane Camille on August 17, 1969 and on August 24, 1969 Wolverine’s agent mailed Taylor a check in the amount of $22.63 which represented the unearned premium on the policy. Taylor endorsed the check and retained the proceeds.
Taylor stated, in his answer to interrogatories propounded to him, that the cancellation was requested because the indebtedness to Newton County Bank had been paid off and he intended to secure insurance from another source.
We hold that the insurance was canceled by Taylor when he surrended his policy to Wolverine and notified Wolverine that he desired to cancel the policy. Taylor’s request to cancel the policy was unequivocal and absolute. Wolverine, under the terms of the policy, could not refuse to cancel the policy unless the lienholder’s interest had not been satisfied.
In Murphree v. L. & A. Ins. Co., 168 Miss. 667, 150 So. 534, suggestion of error 151 So. 748 (1933), this Court held that there are two ways in which a policy of insurance may be legally surrendered and canceled. The Court stated:
There are two ways and two only in which a policy of insurance in full and unimpaired force may be legally surrendered and canceled; First, under the terms written in the policy itself; and, second, under the terms of a subsequent oral or written agreement. (168 Miss, at 674, 150 So. at 535).
The policy was surrendered by Taylor for cancellation under the terms written in the policy itself and was legally surrended and canceled before the loss occurred.
Reversed and rendered.
RODGERS, P. J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.