465 So.2d 331 (1985)
O.V. STRINGER, et ux
v.
Cecil BUFKIN, D/B/a Cecil Bufkin and Son.
No. 54638.
Supreme Court of Mississippi.
March 6, 1985.
*332 Robert P. Shepard, Murphy & Shepard, Lucedale, for appellant.
Carey R. Varnado, Easterling & Varnado, Hattiesburg, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of George County wherein the circuit judge entered an order tantamount to a summary judgment dismissing the appeallant's complaint with prejudice. The cause originated when the appellant, O.V. Stringer, brought suit against his insurance agent, the appellee, Cecil Bufkin. The suit alleged that Bufkin had negligently failed to provide Stringer with uninsured motorist coverage. The circuit court held that under Miss. Code Ann. § 83-11-101 (1972), Stringer did not have a cause of action against Bufkin because having once rejected uninsured motorist coverage Stringer was required as a matter of law to request that coverage in writing if he desired it. The circuit court further held that as a matter of law, Stringer had not made out a prima facie case of negligence against A.C. Fairley, the uninsured motorist with whom Stringer was involved in an accident. Stringer brings this appeal from the circuit court's ruling and assigns as error the granting of the summary judgment and the trial court's ruling that the doctrine of res ipsa loquitur was inapplicable. We reverse.
On April 29, 1973, Stringer and his wife were riding in their pickup truck when the wheel of an oncoming vehicle driven by A.C. Fairley, came off of Fairley's vehicle and pounded through Stringer's windshield. Mrs. Stringer was severely injured and required prolonged hospitalization. A.C. Fairley had no liability insurance.
Interestingly, the facts in dispute and most salient to the resolution of this appeal occurred sometime prior to the accident. In 1969, Stringer had signed a rejection of uninsured motorist coverage. Stringer testified that on February 3, 1973, he went to Bufkin's office to renew his policy. He allegedly told Bufkin that he now desired uninsured motorist coverage. Stringer testified that Bufkin told him that he would be extended that coverage immediately and that Bufkin would timely notify the insurance company. According to Stringer, Bufkin did not ask that Stringer sign anything. In fact, Stringer testified that he did not know that he had to sign anything. He stated that Bufkin had changed his policy before in other materials and that he had not been required to sign anything then.
Stringer further testified that Bufkin later brought him the renewed policy and, when asked if it included uninsured motorist coverage, Bufkin replied, "Oh yes, O.V." According to Stringer, Bufkin then showed him the form on the back of the policy used to reject uninsured motorist coverage. Bufkin told Stringer that if that form was unsigned Stringer was automatically covered by uninsured motorist.
Cecil Bufkin's version of the events was somewhat different. Bufkin testified that he had handled Stringer's insurance needs since 1968. He denied that Stringer had ever requested uninsured motorist coverage. He further denied that Stringer had even discussed uninsured motorist coverage with him since the time Stringer originally rejected it in 1969. Bufkin testified that he did have the authority to write Stringer's policy or to extend coverage to Stringer on an oral basis.
A.C. Fairley testified by way of deposition. He stated that he had owned the car which the wheel came off of for about six months prior to the accident. He admitted being at fault and responsible for the Stringers' injuries.

THE LAW
We begin our analysis of the law by noting that Stringer's amended declaration was filed November 3, 1981. Prior to the adoption of the "new" Mississippi Rules of Civil Procedure on January 1, 1982, there was no such thing as summary judgment in state court practice. This case should have been tried under the rules in existence prior *333 to the adoption of the new rules. Litten v. Grenada County, 437 So.2d 387 (Miss. 1983). Nevertheless because it appears from the record that the parties failed to object or to recognize the inapplicability of our new rules to this case, we hold that they have waived any right to argue the inapplicability of M.R.C.P. 56 to the instant case. See Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
Summary judgment is available only where there are no genuine issues of material fact. Smith v. First Federal Savings and Loan Assn., 460 So.2d 786 (Miss. 1984); Dennis v. Searle, 457 So.2d 941 (Miss. 1984); Brown v. Credit Center, Inc., supra. In the instant case there is a genuine issue of fact as to whether Bufkin orally promised to bind Stringer's uninsured motorist policy. The question then becomes whether that fact is material. Bufkin argues that the circuit court was correct in ruling that it was not. We disagree.
The pertinent statute is Miss. Code Ann. § 83-11-101 (1972):[1]
§ 83-11-101. Automobile liability policies to contain "uninsured motorist" provisions.
No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance. However, the coverage required herein shall not be applicable where any insured named in the policy shall reject the coverage in writing and, unless the named insured requests such covering in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.
The existence vel non of the alleged oral promise to bind is a material fact only if this Court interprets the requirement of a written request in § 83-11-101 as a mandatory prerequisite to the issuance of uninsured motorist coverage once that coverage has been expressly rejected. This issue has not yet been addressed by this Court; however, we have consistently held that the uninsured motorist act is remedial in nature and that its provisions are to be liberally construed to accomplish its purpose. Stevens v. U.S.F. & G., 345 So.2d 1041 (Miss. 1977); Parker v. Cotton Belt Insurance Co., Inc., 314 So.2d 342 (Miss. 1975); Rampy v. State Farm Mutual Automobile Ins. Co., 278 So.2d 428 (Miss. 1973). This Court has also held that in other contexts, where an insurance agent or broker agrees to procure insurance for another and through fault or neglect fails to do so, the agent will be liable for any damage that results thereby. Simpson v. M-P Enterprises, Inc., 252 So.2d 202 (Miss. 1971).
Referring again to § 83-11-101, "The coverage required herein shall not be applicable where any insured named in the policy shall reject the coverage in writing and, unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insuror." In essence, the statute says that the insuror is not required to provide uninsured motorist coverage where that coverage has previously been rejected unless the insured has given the insuror a written revocation of that rejection. The statute does not prohibit the insuror from issuing such a policy. Even without a written request for the coverage, the insuror has the option of *334 providing it upon oral request. This much was admitted by Bufkin. It follows then, that where an insurance agent orally promises to bind coverage and that agent has not required a written request for the coverage, the insurance agent has merely waived his statutory right to demand such a written request. The statute affords an insurance company or agent a means to be reasonably certain that it is not required to provide uninsured motorist coverage; however, it does not and cannot protect an insurance company or its agent from themselves.
Where an insurance agent has waived the requirement of a written request for coverage, there is no logical reason for allowing that agent's oral promise to bind to have any less significance than any other agent's oral promise to bind insurance. It is the promise to bind which the insured relies on and that reliance is no less significant where the agent has waived a procedural requirement such as a written request to provide coverage.
Of course, in the instant case there is a dispute as to whether the requirement of a written request was actually waived. It is not our purpose to settle that dispute. We simply hold that an oral promise to provide uninsured motorist coverage is binding even in the absence of a written request for that coverage by an insured who has previously rejected it. Given this holding, it is an inescapable conclusion that the circuit court erred in determining that there were no genuine issues of material fact to be resolved. The circuit court's granting of summary judgment was error.
The only other issue raised by this appeal is whether the doctrine of res ipsa loquitur was applicable to the instant factual situation. This point has all but been conceded by the appellee. In Peerless Supply Co., Inc. v. Jeter, 218 Miss. 61, 65 So.2d 240 (1953), a tractor truck owned by Peerless lost a wheel as it was passing a car owned by Mrs. Jeter. We there held that the doctrine of res ipsa loquitur did apply to such a case to raise an inference of negligence on the part of the truck owner. Bufkin acknowledges that his only hope to prevail on this point is for this Court to overrule the Peerless decision. We decline to do so. Both the doctrine of res ipsa loquitur and the Peerless decision have continuing validity. Therefore, we are of the opinion that the circuit court erred in holding that res ipsa loquitur does not apply in this case.
Based on all of the foregoing, we hereby reverse the judgment of the Circuit Court of George County and remand this cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] The statute has since been amended; however, that amendment has no bearing on today's holding.