CHANDLER, J.,
for the Court.
¶ 1. Marcey Jones purchased automobile insurance with Alpha Insurance Agency, Inc. (Alpha), underwritten by Southern United Fire Insurance Company (Southern United), in which she signed a form expressly rejecting uninsured motorist coverage. Three months later, when Jones purchased a new vehicle, she contacted Alpha to change the covered vehicle on her policy. Jones claims that she requested uninsured motorist coverage on the new vehicle. Alpha contends that Jones signed an endorsement change form but declined the offer to add additional coverage. Later that year, Jones was involved in a hit and run accident. Jones filed a claim with Southern United. The claim was denied because Jones did not have uninsured motorist coverage. Jones filed suit claiming she was wrongfully denied coverage. Alpha and Southern United filed a motion for summary judgment. The trial court granted the motion. Jones appeals for the following:
I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT JONES DID NOT COMPORT WITH THE REQUIREMENTS OF MISSISSIPPI CODE ANNOTATED SECTION 83-11-101
II. WHETHER THE TRIAL COURT ERRED IN GRANTING ALPHA AND SOUTHERN UNITED’S MOTIONS FOR SUMMARY JUDGMENT
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On January 4, 2001, Jones purchased automobile insurance from Alpha, underwritten by Southern United, for a 1992 Pontiac Grand Am. The policy contained liability, comprehensive, collision, towing and labor rental charges. The insurance agent explained that uninsured motorist coverage was available for an additional premium but Jones refused that coverage. Jones signed the uninsured motorist coverage rejection which expressly stated that she did not want uninsured motorist coverage.
¶ 4. In March of 2001, Jones purchased a 1996 Nissan Maxima and contacted her insurance agent to change the vehicle covered on her policy. She contends that she requested full insurance coverage on the new vehicle, including uninsured motorist coverage. Jones claims that she signed no form rejecting uninsured motorist coverage for the 1996 Nissan Maxima. She says she never received an insurance policy for the new vehicle. Alpha claims that Jones signed an endorsement change form but declined to add the additional coverages.
¶ 5. On May 25, 2001, Jones was involved in a hit and run accident. Jones made a claim for uninsured motorist benefits for property damages and personal injuries. Jones reported and filed her claims with Southern United. Southern United paid Jones $4,451.99 for property damage to the vehicle and $180 for a rental car. However, Southern United denied the uninsured motorist claim alleging that there was no uninsured motorist coverage.
¶ 6. Jones filed suit in the Hinds County Chancery Court seeking a declaration and reformation regarding the insurance coverage provided by Southern United. Alpha and Southern United moved for summary judgment claiming Jones knowingly refused to purchase uninsured motorist coverage and, therefore, there was no genuine issue of material fact. Jones claims that she specifically requested uninsured motorist coverage for the Nissan Maxima but was told that the coverage would be provided in a separate policy.
¶ 7. On February 2, 2005, the trial court granted the motions for summary judg *1129 ment. The court held that Jones’ request for uninsured motorist coverage was not in writing as required by Mississippi Code Annotated Section 83-11-101 (Rev.1999).
STANDARD OF REVIEW
¶ 8. The trial court should grant a motion for summary judgment when there are no genuine issues of material fact. Stringer v. Bufkin, 465 So.2d 331, 333 (Miss.1985). The standard of review for summary judgment is de novo. If this court finds that there is a genuine issue of material fact, this Court must reverse the decision of the trial court. Id.
LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT JONES DID NOT COMPORT WITH THE REQUIREMENTS OF MISSISSIPPI CODE ANNOTATED SECTION 83-11-101
¶ 9. Jones alleges that the insurance agent made an oral promise to provide uninsured motorist coverage, and the oral promise should be binding. Jones contends that the original policy was not modified, but rather, a new policy was issued which required a new waiver of uninsured motorist coverage. Jones claims she never signed a rejection of uninsured motorist coverage for the new vehicle. In the event of any ambiguity as to whether uninsured motorist coverage was to be provided, Jones claims the ambiguity must be construed in her favor.
¶ 10. Alpha and Southern United contend that a new policy was not created, but rather, the original policy was modified. They claim that Jones knowingly rejected the uninsured motorist insurance in writing, as shown in the uninsured motorist coverage selection or rejection form that Jones signed. Regarding the modification of the original policy, Alpha and Southern United argue that Jones affirmatively rejected uninsured motorist coverage when she signed the Mississippi endorsement change form not requesting uninsured motorist coverage.
¶ 11. The trial court held that Jones was aware the change to include the new vehicle only modified the original policy. The court held that Jones was informed of uninsured motorist coverage and knowingly gave written rejection of the coverage. The court stated that Jones’ alleged request for uninsured motorist coverage on the new vehicle was not in writing and, therefore, did not comport with Section 83-11-101 of the Mississippi Code Annotated. Because there is no additional evidence to indicate that Jones made such a request, the trial court held that there were no genuine issues of material fact.
¶ 12. Mississippi Code Annotated Section 83-11-101(2) (Rev.1999) states, in part, that no automobile insurance policy shall be issued unless the policy contains a provision undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for property damage from the owner of an uninsured motor vehicle. The pertinent part of Mississippi Code Annotated Section 83-11-101(2) states:
The coverage herein required shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.
¶ 13. The purpose of the statute is to “provide protection to innocent insured motorists and passengers injured as *1130 a result of the negligence of financially irresponsible drivers.” Rampy v. State Farm Mut. Auto. Ins. Co., 278 So.2d 428, 432 (Miss.1973). The intent is “to provide the same protection to one injured by an uninsured motorist as that individual would have if injured by a financially responsible driver.” Lawler v. Government Employees Insurance Co., 569 So.2d 1151, 1153 (Miss.1990). The provisions of the statute are to be liberally construed to achieve its purpose. Stevens v. USF & G, 345 So.2d 1041, 1043 (Miss.1977). There are two issues to consider in determining whether Jones’s coverage was properly denied.
A. Whether the requirements of Mississippi Code Section 83-11-101(2) were met
¶ 14. As stated in Mississippi Code Annotated section 83-11-101(2), once Jones properly refused uninsured motorist coverage, any request for uninsured motorist coverage in a renewal policy made thereafter, must be made in writing. Jones contends the requirement that a request for uninsured motorist coverage must be in writing does not apply to her because the policy written for the 1996 Nissan Maxima was not a renewal policy. She contends that the Alpha agent informed her that a new policy would be issued. Jones claims she never signed a rejection of uninsured motorist coverage regarding the new policy. Therefore, Jones alleges the requirement, that an insured must reject uninsured motorist coverage in writing under new insurance policies, was not properly fulfilled by Alpha and Southern United.
¶ 15. To the contrary, Alpha and Southern United contend that the original policy covering the 1992 Pontiac Grand Am was modified to cover the 1996 Nissan Maxima. Alpha and Southern United contend that the policy was a renewal policy and allege that there is overwhelming evidence which demonstrates that no new contract was formed. This evidence includes the fact that the policy number never changed and the fact that the Mississippi endorsement change form, which was signed by Jones, indicated that the original coverage remained the same.
¶ 16. The trial court held that Jones modified the policy, electing to delete the 1992 Pontiac from her policy and to add the 1996 Nissan Maxima. The court held that Jones signed an endorsement change form which provided for modifications only and did not create a new policy of insurance. The court held that the Mississippi endorsement change form sought only modifications of the covered vehicles and not modifications of the types and scope of coverage. Before determining whether the requirements of Mississippi Code Annotated section 83-11-101(2) were met, we must determine whether the policy was modified to include the 1996 Nissan Maxi-ma or whether including the Nissan Maxi-ma created an entirely new policy.
¶ 17. We find that the policy was not a new policy but rather a modification of the original policy. Although Jones claims that the policy was a new policy, there is no evidence that either party cancelled the original policy nor is there evidence that a new policy was created.
¶ 18. Mississippi Code Annotated section 83-11-3, governs the circumstances in which an insurer can cancel an insurance policy. An insurer can cancel a policy only if the insured fails to pay the premium, fails to make payments, the driver’s license of the named insured or any other operator of the vehicle has been suspended or revoked, or the motor vehicle registration has been suspended or revoked. Miss. Code Ann. § 83-11-3 (Rev.1999). Under Mississippi Code Annotated section 83-11- *1131 5 (Rev.1999), notice of cancellation of a policy must be mailed to the named insured at least thirty days prior to the effective date of cancellation. Under Mississippi Code Annotated section 83-11-3, Southern United had no lawful right to cancel the original policy nor was notice of a cancellation of the original policy sent to Jones.
¶ 19. There is no evidence that Jones cancelled the original insurance policy. An insured can cancel an insurance policy voluntarily by requesting cancellation, Wolverine Insurance Co. v. Taylor, 312 So.2d 699 (Miss.1975), or by allowing the policy to lapse through failure to pay the premiums. Cole v. Motors Ins. Corp., 243 So.2d 556 (Miss.1971). Jones does not allege that she requested a cancellation of the insurance policy nor did she allow the policy to lapse. The original policy was not cancelled until September of 2001, when Jones let the policy lapse because of failure to pay the premiums.
¶ 20. There is no evidence to show that a new policy was created. Jones did not fill out an application for a new insurance policy. Instead, Jones signed a Mississippi endorsement change form which modified only the covered vehicle. The change form did not modify the type of coverage nor was the uninsured motorist coverage added onto the original policy. Additionally, the policy number did not change.
¶ 21. The evidence clearly shows the original policy was modified, not cancelled, to include the new vehicle. Clear evidence that the policy was modified is that the policy number and the original coverage remained the same. Looking at the evidence in the light most favorable to Jones, we cannot find any evidence that the original policy was cancelled or that a new policy was created.
¶ 22. Because this Court finds that the original policy was modified to include the new vehicle, we must determine whether the coverage was properly rejected. “In essence, the statute says that the insuror is not required to provide uninsured motorist coverage where that coverage has previously been rejected unless the insured has given the insuror a written revocation of that rejection.” Stringer, 465 So.2d at 334. In the present case, it is undisputed that Jones originally rejected the uninsured motorist coverage by signing the uninsured motorists coverage selection or rejection form. It is also undisputed that Jones did not revoke that rejection in writing. Therefore, Jones failed to meet the requirements of requesting uninsured motorist coverage for a renewal policy in writing under Mississippi Code Annotated section 83-11-101(2). This issue is without merit.
B. Whether the trial court properly concluded that there were no genuine issues of material fact
¶ 23. Jones contends that she orally requested uninsured motorist coverage, therefore, creating a genuine issue of material fact. Jones contends that her oral request for uninsured motorist coverage and the insurance agent’s oral promise to provide such coverage in a new policy was binding upon Alpha and Southern United to provide said coverage.
¶24. In Stringer, 465 So.2d at 332, Stringer originally signed a rejection of uninsured motorist coverage. Later, Stringer renewed the policy and allegedly told the insurance agent that he desired uninsured motorist coverage. Id. Stringer claims that the insurance agent did not ask him to sign anything and told him that he was automatically covered because he did not sign the waiver of uninsured motorist coverage. Id. The trial court granted the defendant’s motion for summary judgment because the request for uninsured motorist *1132 coverage was not in writing. Id. at 332. The Mississippi Supreme Court reversed and remanded the case. Id. at 334. The court held:
the statute says that the insuror is not required to provide uninsured motorist coverage where that coverage has previously been rejected unless the insured has given the insuror a written revocation of that rejection. The statute does not prohibit the insuror from issuing such a policy. Even without a written request for the coverage, the insuror has the option of providing it upon oral request. ... It follows then, that where an insurance agent orally promises to bind coverage and that agent has not required a written request for coverage, the insurance agent has merely waived his statutory right to demand such a written request.... Where an insurance agent has waived the requirement of a written request for coverage, there is no logical reason for allowing that agent’s oral promise to bind to have any less significance than any other agent’s oral promise to bind insurance. It is the promise to bind which the insured relies on and that reliance is no less significant where the agent has waived a procedural requirement such as a written request to provide coverage.
Id. at 333-34. The ruling in Stringer is clear that an agent can waive the requirement for written request. Id.
¶ 25. In the complaint, Jones alleged that she was led to believe by Alpha and Southern United that the policy would contain coverage for uninsured motorist coverage. In a sworn affidavit, Jones states that she informed the agent that she wanted “full coverage” on the new vehicle, including uninsured motorist coverage. Alpha and Southern United contend that Jones did not allege that the insurance agent made any promises regarding uninsured motorist coverage. Alpha and Southern United claim that Jones’s alleged “promise” did not arise until the appeal. The law is well settled that this Court cannot consider facts that were not before the trial court.
¶ 26. We find that Jones never alleged that the insurance agent orally promised to provide her uninsured motorist coverage until she filed her motion for appeal. The only evidence before the trial court were Jones’s allegations that she was misled and Jones’s contention that she told the agent she wanted “full coverage” on the vehicle. Jones’s oral request for coverage is not a waiver by the insurance agent. Without the insurance agent’s oral promise, there is no waiver of the requirement that the request for uninsured motorist coverage be in writing. Id. at 334. There was no evidence of an oral waiver by the insurance agent for the trial court to consider. Therefore, there is not a dispute as to whether the requirement of a written request was actually waived. This issue is without merit.
¶ 27. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.