# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2016

Lyle W. Cayce
Clerk

No. 15-60792

LISA BEAM STEPHENS, Wrongful Death Beneficiary of Truman Edward Beam; PAMELA BEAM DRAKE, Wrongful Death Beneficiary of Truman Edward Beam,

> Plaintiffs - Counter Defendants - Appellants

v.

HOLCOMB LOGGING, L.L.C.,

> Defendant

PROGRESSIVE GULF INSURANCE COMPANY,

> Counter Claimant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:13-CV-244

Before JOLLY, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The plaintiffs initiated a garnishment action against Progressive Gulf

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60792

Insurance Company to collect on a Mississippi state court judgment. The plaintiffs appeal the district court's grant of summary judgment to Progressive. We briefly explain our reasons to affirm as to each issue.

The district court did not abuse its discretion in refusing to consider the plaintiffs' untimely motion for entry of default. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–37 (5th Cir. 2003). The plaintiffs never requested an extension of the relevant deadline or explained the cause for delay. *See id.* at 536.

As correctly analyzed in the district court's opinion, the state court judgments against Darryl Holcomb, James Holcomb, and IC Trucking are void. The plaintiffs had the burden to obtain an order on their motion to substitute Crystal Holcomb for the deceased Darryl Holcomb. *See Ridgway Lane & Assocs., Inc. v. Watson*, 189 So. 3d 626, 630 n.4 (Miss.), *reh'g denied* (May 12, 2016). They failed to do so. The final judgment against the deceased Darryl Holcomb is void under Mississippi law. *See Wells v. Roberson*, 209 So. 2d 919, 922 (Miss. 1968).

The state court granted, with prejudice, the plaintiffs' motion to voluntarily dismiss their claims against James Holcomb. *See Hogrobrooks v. Progressive Direct*, 858 So. 2d 913, 922 (Miss. Ct. App. 2003). The district court properly held the judgment was therefore void as to him.

The district court correctly held that the judgment was also void as to IC Trucking either because it was never served or because of Darryl Holcomb's death. *See Canal Ins. Co. v. Herrington*, 846 F. Supp. 2d 654, 659 (S.D. Miss. 2012); *Tucker v. Williams*, 7 So. 3d 961, 964–65 (Miss. Ct. App. 2009).

The state court judgment is only valid as to Holcomb Logging, L.L.C. The district court did not err in concluding that Progressive's policy does not cover the judgment against Holcomb Logging. For the reasons discussed by the district court, Holcomb Logging does not fit within the definition of

No. 15-60792

"insured" in Part I of the policy. The district court also correctly analyzed the mobile equipment and the MCS-90 endorsements.

The plaintiffs re-urge the argument made in the district court that uninsured motorist coverage existed under the policy to cover the state court judgment. Such insurance typically protects insured individuals from damages caused by others who are uninsured. *See Jones v. S. United Fire Ins.*, 935 So. 2d 1127, 1129–30 (Miss. Ct. App. 2006). Regardless of whether such coverage existed, the plaintiffs cite no case where uninsured motorist coverage applied in these circumstances. They also offer no argument explaining how such coverage would apply.

AFFIRMED.