LOUIS GUIROLA, JR., UNITED STATES DISTRICT JUDGE
BEFORE THE COURT are the [31] Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment as to Punitive and Extra-contractual Damages filed by the defendant State Farm Mutual Insurance Company, and the [33] Motion for Partial Summary Judgment as to the Issue of Coverage filed by the plaintiff Jessica C. McGlothin. The parties have fully briefed the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Partial Summary Judgment filed by McGlothin should be granted. The Court further finds that State Farm's Motion for Summary Judgment as to coverage should be denied, but its Motion for Partial Summary Judgment as to Extra-contractual and Punitive Damages should be granted.
BACKGROUND
On February 15, 2016, McGlothin's vehicle was rear-ended by a vehicle driven by Andrew W. Mason, while he was in the course and scope of his employment with the Biloxi Fire Department. McGlothin filed a lawsuit against Mason, the City of Biloxi, and the Biloxi Fire Department in the Circuit Court of Harrison County, Mississippi. Alternatively, in the event that Mason, the City and the Fire Department may be entitled to sovereign immunity under the Mississippi Tort Claims Act, she sued State Farm, seeking uninsured motorist coverage. State Farm removed the case to this Court. This Court entered an [16] Order dismissing McGlothin's claims against Mason, the City, and the Fire Department, because McGlothin failed to demonstrate that she timely served these defendants with process.
McGlothin pursued her claims against Mason, Biloxi, and the Fire Department in the Circuit Court of Harrison County, Mississippi. The Circuit Court held that those defendants were entitled to summary judgment, because "Mason was not acting with reckless disregard as required for a governmental entity or governmental employee to be held liable under the Mississippi Tort Claims Act ( Miss. Code Ann. [§] 11-46-1 )." (Def.'s Mot., Ex. J at 2, ECF No. 31-10).
In the federal lawsuit, the parties filed cross-motions for summary judgment concerning whether McGlothin is entitled to *637 uninsured motorist coverage. In the alternative, State Farm argues that it is entitled to summary judgment as to McGlothin's claims for punitive and extra-contractual damages.
DISCUSSION
A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett , 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. Id. at 324-25, 106 S.Ct. 2548. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 256-57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
I. UNINSURED MOTORIST COVERAGE
State Farm argues that McGlothin's claim for uninsured motorist benefits is barred by the following statute:
No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle ....
Miss. Code. Ann. § 83-11-101(1) (emphasis added). Pursuant to this statute, the policy State Farm issued to McGlothin contains the following provision: "Under Uninsured Motorist Vehicle Coverage (Bodily Injury), we will pay compensatory damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." (Def.'s Mot., Ex. K, ECF No. 31-11) (emphasis added). State Farm argues that McGlothin is not entitled to uninsured motorist coverage, because she is not legally entitled to recover or collect any damages from Mason due to his immunity under the Mississippi Tort Claims Act.
McGlothin counters that she is entitled to coverage, because the Mississippi Legislature amended the definition of "uninsured motor vehicle" in 2009 to include: "[a] motor vehicle owned or operated by a person protected by immunity under the Mississippi Tort Claims Act, Title 11, Chapter 46, Mississippi Code of 1972, if the insured has exhausted all administrative remedies under that chapter." Miss. Code Ann. § 83-11-103(c)(vi). State Farm concedes that "the legislature intended for an individual referenced in section (vi) to be considered an uninsured motorist." (Def.'s Reply at 2, ECF No. 41). State Farm also concedes that Mason was "an uninsured motorist," but it argues that Miss. Code Ann. § 83-11-103(c)(vi) must be read in conjunction with Miss. Code. Ann. § 83-11-101(1). The conflict between Miss. Code Ann. § 83-11-103(c)(vi) and Miss. Code. Ann. § 83-11-101(1) is an issue of first impression.
"It is a well-settled rule of statutory construction that when two statutes pertain to the same subject, they must be read together in light of legislative intent." Tunica Cty. v. Hampton Co. Nat'l Sur., LLC , 27 So.3d 1128, 1133 (Miss. 2009) (internal quotation marks omitted). The Courts must consider not only the statutory language, but also the legislature's intent in enacting the statutes. Id. at 1133. The Mississippi Supreme Court has explained:
*638 Following the rules of statutory construction, repeal of statutes by implication is not favored. In order for a subsequent act to repeal a former one expressly, it must point out the statute repealed with sufficient certainty .... And where in a subsequent statute there is no express repeal of a former, the court will not hold the former to be repealed by implication, unless there is a plain and unavoidable repugnancy between them. If the subsequent statute does not repeal the former, each statute cited must be given effect. We have said that statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each. This Court has stated that in construing statutes, all statutes in pari materia are taken in consideration, and a legislative intent deduced from a consideration as a whole.
Id. at 1133-34 (internal citations, quotation marks, and brackets omitted). The Mississippi Supreme Court has also held that, where statutes are "irreconcilably inconsistent," a specific statute controls over a general statute. State ex rel. Hood v. Madison Cty. ex rel. Madison Cty. Bd. of Sup'rs , 873 So.2d 85, 91 (¶ 22) (Miss. 2004).
The overall purpose of Miss. Code Ann. § 83-11-101"is to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers." Jones v. S. United Fire Ins. , 935 So.2d 1127, 1129-30 (Miss. Ct. App. 2006) (internal quotation marks omitted). "The intent is to provide the same protection to one injured by an uninsured motorist as that individual would have if injured by a financially responsible driver." Id. at 1130. "The provisions of the statute are to be liberally construed to achieve its purpose." Id. State Farm has admitted that, when enacting Miss. Code Ann. § 83-11-103(c)(vi), the Mississippi Legislature "intended for an individual referenced in section (vi) to be considered an uninsured motorist." (Def.'s Reply at 2, ECF No. 41).
Miss. Code Ann. § 83-11-103(c)(vi) provides that motor vehicles owned or operated by a person protected by immunity under the Mississippi Tort Claims Act are "uninsured motor vehicles." Miss. Code. Ann. § 83-11-101(1) only requires uninsured motorist coverage for sums that the insured is "legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle." An insured would never be "legally entitled to recover" damages from a person or entity entitled to immunity under the Mississippi Tort Claims Act. Therefore, the two statutes are repugnant, and the only way to carry out the Mississippi Legislature's intent in enacting Miss. Code Ann. § 83-11-103(c)(vi) is to view it as an exception to Miss. Code. Ann. § 83-11-101(1). Furthermore, Miss. Code Ann. § 83-11-103(c)(vi) should control in this circumstance, because it is a more specific statute than Miss. Code. Ann. § 83-11-101(1).
As a result, McGlothin is entitled to uninsured motorist coverage under the State Farm policy.[1] State Farm's Motion for Summary Judgment as to coverage is denied, and McGlothin's Motion for Partial Summary Judgment as to coverage is granted.
II. EXTRA-CONTRACTUAL AND PUNITIVE DAMAGES
"Extra[-]contractual damages, such as awards for emotional distress and *639 attorneys' fees, are not warranted where the insurer can demonstrate 'an arguable, good-faith basis for denial of a claim.' " United Servs. Auto. Ass'n v. Lisanby , 47 So.3d 1172, 1178 (¶ 18) (Miss. 2010) (citing United Amer. Ins. Co. v. Merrill , 978 So.2d 613, 627 (Miss. 2007) ). "A punitive damages claim should be decided by a jury if 1) there was no arguable or legitimate basis for denying coverage, and 2) the insurance company acted with malice or gross and reckless disregard for the rights of the insured." U.S. Fid. & Guar. Co. v. Martin , 998 So.2d 956, 970 (¶ 47) (Miss. 2008). "The plaintiff bears a heavy burden when seeking punitive damages." Id. at 970 (¶ 48).
Since this case presents an issue of first impression and since this Court had to consider principles of statutory construction to interpret two conflicting statutes, it is apparent that State Farm had an arguable and legitimate legal basis for denying coverage. Furthermore, there is no evidence of malice or gross or reckless disregard. Therefore, State Farm is entitled to partial summary judgment as to McGlothin's claims for punitive and extra-contractual damages.
CONCLUSION
McGlothin is entitled to uninsured motorist coverage under her State Farm policy, because the operator and owner of the vehicle that caused her damages is entitled to immunity under the Mississippi Tort Claims Act. However, McGlothin's claims for extra-contractual and punitive damages must be dismissed, because State Farm had an arguable and legitimate basis for denying coverage.
IT IS, THEREFORE, ORDERED AND ADJUDGED that the [33] Motion for Partial Summary Judgment as to the Issue of Coverage filed by the plaintiff Jessica C. McGlothin is GRANTED.
IT IS, THEREFORE, ORDERED AND ADJUDGED that the [31] Motion for Summary Judgment filed by the defendant State Farm Mutual Insurance Company is DENIED.
IT IS, FURTHER, ORDERED AND ADJUDGED that the [31] Motion for Partial Summary Judgment as to Punitive and Extra-contractual Damages filed by the defendant State Farm Mutual Insurance Company is GRANTED . Jessica C. McGlothin's claims for extra-contractual and punitive damages are hereby DISMISSED WITH PREJUDICE .
SO ORDERED AND ADJUDGED this the 19th day of March, 2018.

The Court finds that the cases cited by State Farm are not persuasive here, because the cases were decided before Miss. Code Ann. § 83-11-103(c)(vi) was enacted.