# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00219-SCT

*CITY OF CLINTON, MISSISSIPPI AND OFFICER
MICHAEL KELLY*

*v.*

*PATRICE TORNES*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/2017 |
| TRIAL JUDGE: | HON. LARITA M. COOPER-STOKES |
| TRIAL COURT ATTORNEYS: | AAFRAM YAPHET SELLERS |
| | ROBERT O. ALLEN |
| | JOHN CHADWICK WILLIAMS |
| | KELLY MARIE WILLIAMS |
| | WILLIAM ROBERT ALLEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY COUNTY COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT O. ALLEN |
| | JOHN CHADWICK WILLIAMS |
| | WILLIAM ROBERT ALLEN |
| ATTORNEYS FOR APPELLEE: | KELLY MARIE WILLIAMS |
| | AAFRAM YAPHET SELLERS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 08/30/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., MAXWELL AND ISHEE, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     This is an interlocutory appeal from the denial of summary judgment.  Because the

defendants—a municipality and its police officer—cannot be held liable for the plaintiff's

claims under the Mississippi Tort Claims Act (MTCA),[1] we reverse the denial of summary judgment and render judgment in the defendants' favor.

**Background Facts and Procedural History**

¶2.     On the afternoon of May 11, 2015, Officer Michael Kelly was responding to a call that an intoxicated person was lying unconscious on the sidewalk outside the Days Inn in Clinton, Mississippi.  While en route, his police vehicle collided with Patrice Tornes's car.

¶3.     According to Officer Kelly, he drove south through the neighboring parking lot, which belongs to Tractor Supply Inc.  Because some items in the parking lot blocked his view of the Day's Inn, "he pulled out further [sic] than normal so as to be able to see the subject that was the reason for his being there."  Officer Kelly "stopped so he could survey the area and visually locate the individual from a distance before making personal contact with the subject."  And as he was stopped, Tornes, who was traveling west on the road between the Day's Inn and Tractor Supply, clipped the push bumper of his police vehicle with her right wheels.  But according to Tornes, Officer Kelly's vehicle was not stopped.  Instead, Tornes "was proceeding in a travel lane in the parking lot when suddenly and without warning [her rear bumper] was struck by Officer Kelly's vehicle."

¶4.     Tornes sued Officer Kelly and his employer, the City of Clinton, in the County Court of Hinds County.  She claimed Officer Kelly's "reckless and negligent actions directly caused the subject accident."  Specifically, she alleged Officer Kelly "caused his vehicle to be driven in a careless, negligent, and reckless manner and without due regard for the safety

---

[1] Miss. Code Ann. § 11-46-1 *et seq.* (Rev. 2012 & Supp. 2017).

and convenience of Patrice Tornes, and without giving any warning sign or proper signal of the approach of said vehicle." And she asserted the City of Clinton was "vicariously liable for its employee's careless, negligent, and reckless operation of his vehicle while acting in the course and scope of his employment as an officer for the City of Clinton Police Department." She also claimed the City was liable for its own actions—specifically, "its negligent training of its employee in how to properly operate his motor vehicle in accordance for the safety of others" and its negligent entrustment of the subject vehicle to Officer Kelly on the day the wreck occurred.

¶5. Both Officer Kelly and the City moved for summary judgment, claiming immunity from suit. *See* **Mitchell v. City of Greenville**, 846 So. 2d 1028, 1029 (Miss. 2003) ("[I]mmunity is a question of law and is a proper matter for summary judgment."). Because Tornes alleged—and the uncontradicted evidence supported—that Officer Kelly was acting within the course and scope of his employment at the time of the wreck, Officer Kelly asserted that he could not be held individually liable under the MTCA. So he asked to be dismissed as an individual defendant. The City, also citing the MTCA, argued it could not be vicariously liable for Officer Kelly's actions. Officer Kelly was engaged in a police-protection activity when the wreck occurred. So the City enjoyed police-protection immunity, because his alleged actions did not rise to the level of reckless disregard. Further, the City argued Tornes's claims based on the City's own allegedly negligent actions were barred by discretionary-function immunity. After a hearing focused on the City's police-

3

protection-immunity claim, the county court denied summary judgment to both defendants on all claims.

¶6.    Officer Kelly and the City sought an interlocutory appeal, which this Court granted. *See id.* (holding that, because MTCA immunity "is an entitlement not to stand trial rather than a mere defense to liability," this issue "should be resolved at the earliest possible stage of litigation").

## Discussion

¶7.    This Court reviews the denial of summary judgment de novo, viewing all evidence in the light most favorable to the nonmovant—in this case Tornes. ***Mitchell***, 846 So. 2d at 1029-30.  But even when the evidence is viewed in her favor, Tornes's claims cannot survive summary judgment.  The MTCA provides the exclusive remedy for Tornes's action.  Miss. Code Ann. § 11-46-7(1) (Rev. 2012).  And under the MTCA, neither Officer Kelly nor the City of Clinton can be held liable.

### I.    No Individual Liability

¶8.    First, Officer Kelly cannot be held individually liable.  While the MTCA permits a government employee to "be joined in an action against a governmental entity in a *representative* capacity if the act or omission complained of is one for which the governmental entity may be liable," the MTCA makes clear "no employee shall be held *personally* liable for acts or omissions occurring within the course and scope of the employee's duties."   Miss. Code Ann. § 11-46-7(2) (Rev. 2012) (emphasis added). Indisputably, Officer Kelly was acting within the course and scope of his employment as a

4

police officer when the wreck occurred. So his presence as a named defendant stems only from his being a representative of the City. Tornes has no claim against him individually.

## II. Police-Protection Immunity

¶9. Second, to the extent Tornes seeks to hold the City liable for Officer Kelly's actions, the City enjoys police-protection immunity.

¶10. The MTCA generally waives "the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment[.]" Miss. Code Ann. § 11-46-5(1) (Rev. 2012). But it exempts certain claims from that immunity waiver. Miss. Code Ann. § 11-46-9 (Rev. 2012). Specifically:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]

Miss. Code Ann. § 11-46-9(1)(c). Again, it is not disputed that, when the wreck occurred, Officer Kelly had been engaged in the performance of police-protection activities—responding to a call about an unconscious person. So unless he "acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury,"[2] the City cannot be held liable. *Id.*

---

[2] It has never even been suggested that Tornes was engaged in criminal activity at the time she was injured.

¶11.    Quoting *Maye v. Pearl River County*, Tornes suggests "'reckless,' according to the circumstances, may mean desperately heedless, wanton or willful, *or* it may mean only careless, inattentive or negligence." *Maye v. Pearl River Cty.*, 758 So. 2d 391, 393 (Miss. 1999) (emphasis in original). And because Officer Kelly's actions fall in that latter careless, inattentive, or negligent category, there is no police-protection immunity.

¶12.    But what Tornes overlooks is that, in the very next sentence in *Maye*, the Court clarifies that, while reckless generally may mean wanton or willful or it may mean negligence, "[i]n the context of the statute"—i.e., Section 11-46-9(1)(c)—"reckless must connote 'wanton or willful,' *because immunity lies for negligence*." *Id.* at 393-94 (emphasis added). *See also Maldonado v. Kelly*, 768 So. 2d 906, 909 (Miss. 2000) ("Police officers and fire fighters are more likely to be exposed to dangerous situations and to liability, therefore, public policy requires that they not be liable for mere negligence.").

¶13.    Thus, to be "reckless" for purposes of Section 11-46-9(1)(c), the conduct must be "willful or wanton," not merely negligent. *Maye*, 758 So. 2d at 393-94. "Reckless disregard occurs when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *City of Laurel v. Williams*, 21 So. 3d 1170, 1175 (Miss. 2009) (internal quotations and citation omitted). While the conduct does not have to be intentional, "[r]eckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Rayner v. Pennington*, 25 So.

3d 305, 309 (Miss. 2010) (quoting *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 995 (Miss. 2003)).

¶14.    In *Maye*, this Court applied this higher-than-negligence standard to find a deputy sheriff had acted with reckless disregard when he blindly backed out of a parking space, up an incline, and rammed into a car that had turned into the parking lot.   In that case, "[w]ith conscious indifference to the consequences," the deputy sheriff had "backed out knowing he could not see what was behind him." *Maye*, 758 So. 2d at 395.  Further, when he "backed out of the parking space and up the incline," he "knew he could not see cars coming into the lot," and "he knew checking his mirrors would not let him see cars pulling into the lot." *Id.* And from the severity of damage to the car and injuries to the passenger, it was obvious the deputy was "going much too fast to be backing up the entrance to the parking lot when he could not see what was behind him." *Id.*   Based on the evidence, this Court held "these actions *rise above simple negligence* to the level of reckless disregard of the safety and well-being of others." *Id.* (emphasis added).

¶15.    Here, the facts do not support the same level of conscious indifference to the consequences.  Since this is the summary-judgment stage, we assume Tornes's version of events is true—that Officer Kelly hit her bumper and not vice versa.  But unlike *Maye*, from the level of damage to Tornes's car, it is not obvious he was going "much too fast." *Id.* Further, the reason he, in his own words, "pulled out further [sic] than normal" was because his view was obstructed by objects in the parking lot.  Instead of *Maye*, this case is more akin to *Maldonado*.  There, a police officer stopped at a two-way stop, looked both ways, and

7

pulled out into the intersection. *Maldonado*, 768 So. 2d at 908. This intersection was a known dangerous intersection, because the sight line to approaching traffic was partially blocked. Sure enough, the officer did not see an approaching car and hit it. While the officer "may have been negligent," this Court held that his actions did "not rise to the level of reckless disregard." *Id.* at 911.

¶16. Similarly, in *Joseph v. City of Moss Point*, 856 So. 2d 548, 550 (Miss. Ct. App. 2003), a city police officer was reading a warrant while stopped at a red light. When the cars to his left started moving, he assumed the light had turned green and instinctively hit the gas. But the cars to his left were in a turn lane that had been given a green arrow. The light for his lane remained red. And the officer rear-ended the stationary car in front of him. While the officer had certainly been "remiss in paying attention to traffic directly in his lane," he had not been reckless. *Id.* at 551. Instead, the Court of Appeals found that he had been "guilty of simple negligence and nothing more, which kept him under the immunity umbrella of the [MTCA]." *Id.*

¶17. The evidence, when viewed in Tornes's favor, shows Officer Kelly had been remiss but not reckless as he drove through the parking lot to the Days Inn. Because his actions did not rise above simple negligence, police-protection immunity applied. And the City is entitled to summary judgment on Tornes's claims based on Officer Kelly's actions.

### III. Discretionary-Function Immunity

¶18. Finally, the City is entitled to summary judgment on Tornes's claims it acted negligently in training Officer Kelly and entrusting him with one of its police vehicles.

8

¶19. We note prior opinions have found that training police officers and equipping them with police vehicles are "activities relating to police protection" entitled to police-protection immunity. *See, e.g.*, *McGrath v. City of Gautier*, 794 So. 2d 983 (Miss. 2001) (holding that the maintenance of a police vehicle was a police-protection activity entitled to police-protection immunity); *Hayes v. Univ. of S. Miss.*, 952 So. 2d 261 (Miss. Ct. App. 2006) (holding that the training of a student police corps was a police-protection activity entitled to police-protection immunity). But for its own allegedly negligent actions, the City did not assert police-protection immunity. Instead, citing *City of Jackson v. Powell*, 917 So. 2d 59 (Miss. 2005), the City has claimed discretionary-function immunity.

¶20. Under Section 11-46-9(1)(d), the City "shall not be liable for any claim . . . [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]" Miss. Code Ann. § 11-46-9(1)(d). Very recently, this Court returned to its traditional, two-part, public-policy function test to determine when Section 11-46-9(1)(d) applies. *Wilcher v. Lincoln Cty. Bd. of Supervisors*, 243 So. 3d 177 (Miss. 2018). Under this test, "[t]his Court first must ascertain whether the activity in question involved an element of choice or judgment." *Id.* at 187 (quoting *Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789, 795 (Miss. 2012)). "If so, this Court also must decide whether that choice or judgment involved social, economic, or political-policy considerations." *Id.*

¶21. Applying this test to the claim of negligent supervision of police officers, this Court has answered both questions affirmatively. *Powell*, 917 So. 2d at 74. This Court has held

9

that a municipality must "exercise its judgment in the manner in which it chooses to supervise its officers." *Id.* And "[t]here is no doubt that the choice to employ and the manner of supervision of police officers does affect public policy[.]" *Id.* Thus, "[t]he manner in which a police department supervises, disciplines and regulates its police officers is a discretionary function of the government[.]" *Id.*

¶22. Tornes's claims that the City was negligent in training Officer Kelly to operate a police vehicle and entrusting Officer Kelly with a police vehicle both challenge "[t]he manner in which a police department supervises, disciplines and regulates its police officers[.]" *Id.* So through these claims, Tornes seeks to hold the City liable for its exercise of a discretionary function—actions which are clearly immune under Section 11-46-9(1)(d).[3]

**Conclusion**

¶23. Because the MTCA exempts both Officer Kelly and the City from liability on Tornes's claims, the trial court erred in denying their motion for summary judgment. We reverse the judgment of the trial court and render a judgment in both defendants' favor.

¶24. **REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**

---

[3] Notably, Tornes does not attempt to rebut or refute the City's discretionary-function-immunity claim on appeal. Instead, she merely argues that she presented sufficient evidence to the trial court to support her claim of negligent entrustment. But the fact she can otherwise establish a negligence claim against the City matters not. Discretionary-function immunity shields the City from liability "whether or not the discretion be abused." Miss. Code Ann. § 11-46-9(1)(d).

10