## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60338

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2019

Lyle W. Cayce
Clerk

JESSICA C. MCGLOTHIN,

      Plaintiff - Appellee

v.

STATE FARM MUTUAL INSURANCE COMPANY,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No.: 1:17-CV-83

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue in this diversity action is whether, as the district court concluded, two sections of Mississippi's Uninsured Motorist (UM) Act, Mississippi Code §§ 83-11-101 *et seq*., are repugnant:  §§ 83-11-101(1) (requiring automobile insurers provide UM coverage to extent insured is "legally entitled to recover") and 83-11-103(c)(vi) (defining "uninsured motor vehicle", as used in UM Act, to include vehicle "owned or operated by a person protected by immunity under the Mississippi Tort Claims Act").  State Farm Mutual Automobile Insurance Company maintains:  the sections are not repugnant; and, as a result, it is not liable for UM coverage.  Therefore, it challenges the district

No. 18-60338

court's, on cross-motions for summary judgment, denying its motion in that regard and granting Jessica C. McGlothin's. That part of the judgment in favor of McGlothin is VACATED, and judgment is RENDERED for State Farm.

I.

In February 2016, a fireman with the Biloxi, Mississippi, fire department, rear-ended McGlothin's vehicle. The fireman was acting in the course and scope of his employment with the fire department at the time of the accident, and was *not*—as McGlothin concedes—acting "in reckless disregard of [her] safety and well-being". *See, e.g.*, Miss. Code Ann. § 11-46-9(1)(c) (Mississippi Tort Claims Act (MTCA); police-and-fire-protection immunity clause).

At the time of the accident, McGlothin's vehicle was insured under a State Farm policy, which provided UM coverage. As required by the UM Act, the UM provision in the policy provides, in pertinent part: State Farm "will pay compensatory damages for bodily injury and property damage an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle". (Emphasis omitted.)

Along that line, the UM Act's definition of an "uninsured motor vehicle" includes, *inter alia*, "a vehicle owned or operated by a person protected by immunity under the [MTCA]". § 83-11-103(c)(vi). Under the MTCA, employees of governmental entities are personally immune from claims arising from acts performed within the course and scope of their employment. § 11-46-7(2) (government-employee immunity clause). Because the fireman is protected by immunity under the MTCA, the fire-department vehicle he was driving is considered an uninsured motor vehicle as defined by the UM Act. (As explained more fully *infra*, the city and fire department were also immune from suit pursuant to the MTCA's police-and-fire-protection immunity clause.)

McGlothin filed this action in February 2017 in Mississippi state court against the fireman, the fire department, and the City of Biloxi, claiming negligence. And, in the alternative, she included State Farm as a defendant,

2

No. 18-60338

seeking UM coverage in the event the other parties were entitled to sovereign immunity, pursuant to the MTCA, Mississippi Code §§ 11-46-1 *et seq*. State Farm removed this action to federal court based on diversity jurisdiction.

McGlothin's claims against the fireman, the city, and the fire department were dismissed because McGlothin failed to serve them with process. (This dismissal created complete diversity; and, therefore, the district court had jurisdiction under 28 U.S.C. § 1332. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571–73 (2004); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–78 (1996).) Instead, McGlothin pursued her claims against the fireman, the fire department, and the city in state court. The state court granted defendants' summary-judgment motion, concluding: "[The fireman] was not acting with reckless disregard as required for a governmental entity or governmental employee to be held liable under the [MTCA]". *McGlothin v. Mason*, No. A2402-17-20 (Harrison Cty. Cir. Ct. 30 Nov. 2017).

In this action, McGlothin and State Farm filed cross-motions for summary judgment. The district court granted McGlothin's, and partially denied State Farm's, concluding McGlothin is entitled to UM coverage, pursuant to its ruling Mississippi Code §§ 83-11-101(1) and 83-11-103(c)(vi) are repugnant, with the latter being the more specific, controlling section. *McGlothin v. State Farm Mut. Ins.*, 297 F. Supp. 3d 635, 638 (S.D. Miss. 2018).

Section 83-11-101 (policy requirement) lists mandatory provisions to be contained in automobile-liability-insurance policies, including requiring automobile insurers provide UM coverage to the extent the insured is "legally entitled to recover". As discussed *supra*, § 83-11-103(c) (uninsured-motor-vehicle definition) contains definitions of the term "uninsured motor vehicle" as used in the UM Act, which includes, in subpart (c)(vi), a vehicle "owned or operated by a person protected by immunity under the [MTCA]".

In granting summary judgment against State Farm on the issue of UM coverage, the district court concluded: under State Farm's proposed reading of

3

No. 18-60338

the two sections, "[a]n insured would never be 'legally entitled to recover' damages from a person or entity entitled to immunity under the [MTCA]"; therefore, the sections are repugnant; "and the only way to carry out the Mississippi Legislature's intent in enacting Miss. Code Ann. § 83-11-103(c)(vi) [(uninsured-motor-vehicle definition)] is to view it as an exception to Miss. Code Ann. § 83-11-101(1) [(policy requirement)]". *McGlothin*, 297 F. Supp. 3d at 638.

As a result, the court concluded § 83-11-103(c)(vi) (uninsured-motor-vehicle definition) was the more specific, and, therefore, controlling section, and McGlothin was entitled to UM benefits. *Id.* (On the other hand, the court granted State Farm's summary-judgment motion against McGlothin's claims for extra-contractual and punitive damages based on State Farm's denial of her UM claim. *Id.* at 639. McGlothin did not appeal that decision.)

## II.

It hardly bears repeating that the "grant[] and denial[] of summary judgment [is reviewed] de novo". *Century Sur. Co. v. Seidel*, 893 F.3d 328, 332 (5th Cir. 2018) (quotations and citation omitted). Equally well-known is that summary judgment is proper "if the movant shows . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). "When parties file cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Cooley v. Hous. Auth. of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (internal quotations and citation omitted).

The facts are undisputed. We must determine whether the two provisions of Mississippi's UM Act are repugnant. Obviously, Mississippi substantive law applies to this diversity action. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79 (1938).

4

No. 18-60338

The UM Act requires all automobile-liability-insurance policies to contain a provision "undertaking to pay the insured all sums *which he shall be legally entitled to recover* as damages for bodily injury or death from the owner or operator *of an uninsured motor vehicle*". § 83-11-101(1) (policy requirement) (emphases added). Pertinent to this action, the Act was amended in 2009 to expand the definition of "uninsured motor vehicle" to include the above-described "motor vehicle owned or operated by a person protected by immunity under the [MTCA] . . . if the insured has exhausted all administrative remedies under that chapter". § 83-11-103(c)(vi) (uninsured-motor-vehicle definition).

The MTCA generally waives "the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment". § 11-46-5(1). "But it exempts certain claims from that immunity waiver." *City of Clinton v. Tornes*, 252 So. 3d 34, 37 (Miss. 2018) (citing § 11-46-9).

One of those exemptions is found in the MTCA's earlier-referenced police-and-fire-protection immunity clause:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to *police or fire protection unless* the employee acted in *reckless disregard* of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]

§ 11-46-9(1)(c) (emphases added).

The MTCA also provides that "no employee [of a governmental entity] shall be held *personally* liable for acts or omissions occurring within the course and scope of the employee's duties". § 11-46-7(2) (government-employee immunity clause)(emphasis added); *see also Tornes*, 252 So. 3d at 37.

5

No. 18-60338

A.

In instances where the State's highest court has not spoken on the direct question, federal courts are required to make an "*Erie* guess and determine, in [their] best judgment how [the State's highest court] would resolve the issue if presented with the same case". *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013) (first alteration in original) (internal quotations and citation omitted). In doing so, our court "defer[s] to intermediate state appellate court decisions unless convinced by other persuasive data that the highest court of the state would decide otherwise". *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (internal quotations and citation omitted); but, we "need not necessarily defer to state trial court decisions", particularly when they are unpublished, *Roecker v. United States*, 379 F.2d 400, 406 (5th Cir. 1967) (citing *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153 (1948)).

The Mississippi Supreme Court has not decided whether the two sections at issue are repugnant. And, to make our *Erie* guess far more difficult, neither has the Mississippi Court of Appeals. Therefore, State Farm urges we consider two Mississippi circuit court decisions, each of which was rendered by a different court.

First, in 2009, a circuit court granted summary judgment in favor of State Farm in *Rayner v. State Farm Mutual Automobile Insurance Company*, No. 2009-36 (Rankin Cty. Cir. Ct. 9 Dec. 2009). In *Rayner*, the circuit court stated: "[S]ince . . . Plaintiffs are not legally entitled to recover against the Deputy/County, etc., the Court finds that no UM benefits are owed to Plaintiffs under the State Farm policy". *Id.*

The accident in *Rayner*, however, occurred in 2008, and, because the judgment provides no reasoning, it is unclear whether the court applied the UM Act as written before or after the 2009 amendment to § 83-11-103(c)(vi)

No. 18-60338

(uninsured-motor-vehicle definition).  And, even if the court did apply the 2009 amendment, it is unclear whether the parties raised the issue presented by this action:  whether §§ 83-11-101 (policy requirement) and 83-11-103(c)(vi) (uninsured-motor-vehicle definition) are repugnant.  Moreover, the Mississippi Supreme Court affirmed *Rayner* in a *per curiam* affirmance, No. 2010-CA-00738-SCT (Miss. 21 July 2011), which, according to Mississippi Rule of Appellate Procedure 35-A(c), "ha[s] no precedential value".

Second, in 2014, the other Mississippi circuit court granted summary judgment in favor of State Farm, concluding:  "[B]ecause the Plaintiff's claims against [the law-enforcement officer] are barred by the police and fire protection exemption to the MTCA, . . . Plaintiff is not legally entitled to recover UM benefits from State Farm".  *Williams v. State Farm Mut. Auto. Ins.*, No. L12-545 (Lafayette Cty. Cir. Ct. 16 Oct. 2014).  Therefore, citing *Fidelity Union Trust Co. v. Field*, 311 U.S. 169 (1940), State Farm contends the district court reversibly erred by not considering the order in *Williams*.

It is true that, in *Field*, the Supreme Court held, because of the uniformity between two state-trial-court decisions interpreting the state statute in issue, the federal third circuit "was not at liberty to reject these decisions merely because it did not agree with their reasoning".  311 U.S. at 179.  But in 1967 in *Roecker*, our court distinguished *Field*, relying on the 1948 decision in *King*, 333 U.S. at 159–62.  *See Roecker*, 379 F.2d at 406 (ruling, as quoted *supra*:  "a federal court need not necessarily defer to state trial court decisions").  Because Mississippi trial courts are not "court[s] of statewide jurisdiction", unlike the chancery court in *Field*, we need not defer to these unpublished circuit-court decisions.  *Id.*

B.

As discussed above, § 83-11-101(1) (policy requirement) limits UM coverage to those sums the insured "*shall be legally entitled to recover* as damages for bodily injury or death from the owner or operator *of an uninsured motor vehicle*".

7

(Emphases added.)  It is uncontested that the fireman was acting in the course and scope of his employment at the time of the accident, and, therefore, pursuant to the MTCA's government-employee immunity clause, § 11-46-7(2), McGlothin is not "legally entitled to recover" damages from him.  Moreover, because it is also uncontested the fireman was *not* acting with "reckless disregard" for McGlothin's safety or well-being, the fire department and the city are also immune, pursuant to the MTCA's police-and-fire-protection immunity clause, § 11-46-9(1)(c), and McGlothin is not "legally entitled to recover" damages from either entity.  Accordingly, under § 83-11-101(1) (policy requirement), McGlothin cannot recover UM benefits from State Farm because she is not "legally entitled to recover" from the fireman, the fire department, or the city.

McGlothin contends, however, consistent with the district court's ruling, that the 2009 amendment expanding the definition of "uninsured motor vehicle" to include "[a] motor vehicle owned or operated by a person protected by immunity under the [MTCA]", § 83-11-103(c)(vi), is repugnant to § 83-11-101(1) (policy requirement), because, otherwise, an insured would never be "legally entitled to recover" from "a person protected by immunity under the [MTCA]".

"[S]tatutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each".  *Tunica Cty. v. Hampton Co. Nat. Sur., LLC*, 27 So. 3d 1128, 1134 (Miss. 2009) (quoting *Miss. Gaming Comm'n v. Imperial Palace of Miss., Inc.*, 751 So. 2d 1025, 1029 (Miss. 1999)); *see also Goolsby v. Blumenthal*, 581 F.2d 455, 461 (5th Cir. 1978) ("Where the two statutes in question are capable of standing together, there is no irreconcilable conflict.").

There are scenarios in which §§ 83-11-101(1) (policy requirement) and 83-11-103(c)(vi) (uninsured-motor-vehicle definition) can be construed in harmony. For example, consider a hypothetical using the facts of this case, but in which the fireman *was* acting in reckless disregard for McGlothin's safety.  The fire-department vehicle would still be an "uninsured motor vehicle" because it was

"operated by a person protected by immunity under the [MTCA]"—the fireman. But, because, in this hypothetical, the fireman was acting in "reckless disregard" for McGlothin's safety, McGlothin would be "legally entitled to recover" damages from the fire department or the city, pursuant to MTCA § 11-46-9(1)(c) (police-and-fire-protection immunity clause); and, therefore, McGlothin would be entitled to UM benefits under the statute and policy.   This scenario alone defeats McGlothin's claim.

Another example would be when a city employee (not a fireman or police officer protected by the police-and-fire-protection immunity clause of the MTCA, § 11-46-9(1)(c)) is driving a city vehicle in the course and scope of his employment and is involved in an accident caused by the city employee's violating a traffic law. The employee would have immunity pursuant to MTCA § 11-46-7(2) (government-employee immunity clause), and, therefore, the vehicle would be an "uninsured motor vehicle" because it was "operated by a person protected by immunity under the [MTCA]", *see* § 83-11-103(c)(vi) (uninsured-motor-vehicle definition).  The city, however, would be liable, because of the general waiver of immunity under MTCA § 11-46-5(1); and, therefore, the insured would be "legally entitled to recover" from the city, resulting in the insurer's being required to pay UM benefits.  *See Mixon v. Miss. Dep't of Transp.*, 183 So. 3d 90, 94 (Miss. Ct. App. 2015) (ruling the department was not immune because its employee "did not fall within [any] exception[ to liability], and [the employee's] duty to adhere to applicable traffic regulations was in no way discretionary").

When pressed at oral argument here, McGlothin countered these scenarios render § 83-11-103(c)(vi) (uninsured-motor-vehicle definition) meaningless, because, in them, the governmental entity's insurance, in any event, would pay the claim.  However, as State Farm notes, the MTCA only waives immunity up to $500,000.  *See* Miss. Code Ann. § 11-46-15(1)(c).  Therefore, for any claim in excess of $500,000 for which the governmental entity has waived immunity, the governmental entity's insurance would pay up to $500,000, and then the insured's

UM carrier would be liable for any remainder. *See*, *e.g.*, *City of Jackson v. Perry*, 764 So. 2d 373, 381–83 (Miss. 2000) (holding insurer required to pay remainder of damages above statutory cap).

That these scenarios may not occur very often does not, of course, render the two sections repugnant. Furthermore, at oral argument, McGlothin's counsel admitted "repugnant" is not the word he would employ to describe the sections. Oral Argument at 35:41–46. Instead, he stated he would describe them as "confusing". Oral Argument at 35:50–55. Obviously, the two sections' being "confusing" does not equate to repugnancy. Our charge, as noted, is to read them in harmony, if possible. As shown, it is possible to do so.

It is true, as McGlothin contends, that the UM Act is to be "construed liberally to provide coverage and strictly to avoid or preclude exceptions or exemptions from coverage". *Miss. Farm Bureau Mut. Ins. v. Garrett*, 487 So. 2d 1320, 1323 (Miss. 1986) (citation omitted). But "[l]imiting UM coverage is not in issue here, . . . for there is no person from whom [plaintiff in this action is] legally entitled to recover damages pursuant to the UM policy or the statute; at least, not until the legislature defines the required coverage differently". *Medders v. U.S. Fidelity & Guar. Co.*, 623 So. 2d 979, 988 (Miss. 1993) (citation omitted).

Along that line, and regarding McGlothin's contention that the 2009 amendment created an exception to the "legally entitled to recover" requirement, "[a]n exception must be clear from the language of the statute and cannot be created by construction". *Imperial Palace of Miss.*, 751 So. 2d at 1028 (citing *Miss. Dep't of Wildlife, Fisheries & Parks v. Miss. Wildlife Enf't Officers' Ass'n*, 740 So. 2d 925, 931 (Miss. 1999)). And, "[t]he statutory language, ***legally entitled to recover***, is 'simply too unambiguous to admit of judicially created exception . . .'". *Medders*, 623 So. 2d at 989 (emphasis in original) (citation omitted). Of course, if the Mississippi legislature had wanted to exempt "motor vehicle[s] owned or operated by . . . person[s] protected by immunity under the [MTCA]" from the "legally entitled to recover" requirement, it could have easily and explicitly done

No. 18-60338

so.  *See, e.g., Miss. Wildlife Enf't Officers' Ass'n*, 740 So. 2d at 932 (quoting *State v. Heard*, 151 So. 2d 417, 420 (Miss. 1963)).  But, it did not.

The Mississippi Supreme Court has held that "the clear meaning of the phrase ***legally entitled to recover*** found in the Mississippi UM statute limits the scope of the coverage mandated by the statute to those instances in which the insured would be entitled at the time of injury to recover through legal action. There is no statutory mandate to provide coverage in instances where the alleged tortfeasor is immune from liability".  *Medders*, 623 So. 2d at 989 (emphasis in original) (internal citations omitted).  The 2009 amendment did not create this statutory mandate.  In short, and pursuant to our *Erie* guess, McGlothin was not legally entitled to recover from the fireman, the fire department, or the city, and, therefore, is not legally entitled to recover UM benefits from State Farm.

### III.

For the foregoing reasons, that part of the judgment in favor of McGlothin is VACATED, and judgment is RENDERED for State Farm.

11