# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00882-SCT

*NIYOKIA LEE*

*v.*

*STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY*


DATE OF JUDGMENT: 07/27/2021
TRIAL JUDGE: HON. LISA P. DODSON
TRIAL COURT ATTORNEYS: DONALD C. DORNAN, JR.
    JOHN A. BANAHAN
    DAVID PAUL PITRE
    STEPHANIE GEE BEAVER
COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: DAVID PAUL PITRE
ATTORNEYS FOR APPELLEE: JOHN A. BANAHAN
    MICHAEL RILEY MOORE
NATURE OF THE CASE: CIVIL - CONTRACT
DISPOSITION: REVERSED AND REMANDED - 02/02/2023
MOTION FOR REHEARING FILED:

## CONSOLIDATED WITH

## NO. 2021-IA-01006-SCT

*STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY*

*v.*

*JAMES COOPER*


DATE OF JUDGMENT: 8/13/2021
TRIAL JUDGE: HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED: RANKIN COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT:      WILLIAM H. CREEL, JR.
MICHAEL F. MYERS
TRENTON G. WINFORD
ATTORNEY FOR APPELLEE:      LANCE L. STEVENS
NATURE OF THE CASE:      CIVIL - CONTRACT
DISPOSITION:      AFFIRMED AND REMANDED - 02/02/2023
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. Niyokia Lee and James Cooper sustained damages in separate, independent automobile accidents caused by negligent city emergency responders. Lee's accident happened in Harrison County,[1] and Cooper's happened in Rankin County.[2] The Mississippi Tort Claims Act afforded immunity to the negligent police officer, the fireman, and the governmental entities employing them.[3] Because Lee and Cooper could not recover from the responders or municipalities, both sought recovery under their car insurance policies' uninsured motorist provisions.

¶2. Lee and Cooper had the same UM coverage carrier—State Farm Mutual Automobile Insurance Company. And State Farm denied UM coverage to both, citing Mississippi Code

---

[1] Niyokia Lee was injured in an automobile collision on February 21, 2020, caused by a firefighter employed by the City of Gulfport.

[2] On June 14, 2018, James Cooper sustained damages in an automobile accident caused by a police officer employed by the City of Pearl.

[3] The Mississippi Tort Claims Act grants immunity to "governmental entit[ies] and its employees acting within the course and scope of their employment . . . arising out of any act . . . of an employee of a government entity engaged in the performance or execution of duties . . . relating to police or fire protection unless the employee acted in reckless disregard . . . ." Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2019).

2

Section 83-11-101(1) of Mississippi's Uninsured Motorist Act. That statute says that a policyholder must be otherwise "legally entitled to recover" from the uninsured motorist to receive UM coverage.[4] And as State Farm saw it, because the officer and fireman enjoyed police and fire protection immunity under the MTCA, neither policyholder was legally entitled to recover from the immune responders or their city employers. State Farm adhered to this view and denied UM coverage to Lee and Cooper despite the fact that, in 2009, the state legislature had revised Mississippi Code Section 83-11-103(c) of the UM Act by adding a new subsection expanding the definition of "uninsured motor vehicle" to include "[a] motor vehicle owned or operated by a person protected by immunity under the [MTCA.]"[5]

¶3.     The two trial courts considering the UM coverage issue reached opposite results. The Harrison County Circuit Court granted summary judgment in State Farm's favor and dismissed Lee's claims against State Farm. The court held that, because the officer was immune, Lee was not "legally entitled to recover" and, consequently, was not eligible for UM coverage. But the Rankin County Circuit Court did the exact opposite. It granted summary judgment in Cooper's favor, against State Farm, ruling UM coverage did apply because, otherwise, the 2009 amendment to the UM Act—which expanded the definition of "uninsured motor vehicle" to include vehicles operated by persons who are immune under

---

[4] Miss. Code Ann. § 83-11-101(1) (Rev. 2011) (emphasis added).

[5] Miss. Code Ann. § 83-11-103(c)(vi) (Rev. 2022).

3

the MTCA—would be "rendered virtually meaningless."[6] This Court consolidated the cases on appeal.

¶4.     Before answering the question before us, we note this case is of extremely limited precedential value.  That is because in 2020, the legislature amended Section 101 to remove all doubt, making the statute crystal clear that the UM Act covers MTCA-immune vehicles.[7] So this Court's decision affects only these parties.  And after review of this limited question, we hold that UM coverage is available to both Lee and Cooper.

¶5.     Even before the 2020 amendment to Section 83-11-101(1), Section 83-11-103 made clear that an "uninsured motor vehicle" is one that is "owned or operated by a *person protected by immunity* under the Mississippi Tort Claims Act."  Miss. Code Ann. § 83-11-103(c)(vi) (Rev. 2011) (emphasis added).  Thus, the plain language of the two provisions makes it apparent that Lee and Cooper are entitled to UM coverage.

¶6.     We therefore reverse and remand the decision of the Harrison County Circuit Court. And we affirm and remand the decision of the Rankin County Circuit Court.

---

[6] In contrast to the Harrison County Circuit Court's summary-judgment ruling, which resulted in a final, appealable judgment, the Rankin County Circuit Court's ruling was interlocutory.  The finding of UM coverage in favor of Cooper is contingent on finding the police officer whose vehicle struck Cooper's had acted negligently and was thus immune. This negligence question was not resolved on summary judgment.  Instead, the Rankin County Circuit Court determined there was a genuine issue of material fact whether the police officer had acted in reckless disregard or was merely negligent.  Because the coverage ruling was interlocutory, State Farm petitioned for permission to file an interlocutory appeal, which we granted.

[7] Specifically, the language was modified to read, "legally entitled to recover . . . or would be legally entitled to recover . . . but for the immunity provided under the [MTCA.]" Miss. Code Ann. § 83-11-101(1) (Rev. 2022).

4

**DISCUSSION**

¶7. Both of the conflicting trial court decisions involve rulings on motions for summary judgment, which we review de novo. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 228 (Miss. 2005). Further, the statutory interpretation question is one of law, which we also review de novo. *Rex Distrib. Co., Inc. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 449 (Miss. 2019) (citing *Natchez Hosp. Co., LLC v. Adams Cnty. Bd. of Supervisors*, 238 So. 3d 1162, 1163 (Miss. 2018)). Following de novo review, we find UM coverage applies.

¶8. Under the pre-2020 version of the UM Act—the version in play when Lee and Cooper had their accidents—"[n]o automobile liability insurance policy or contract [could] be issued or delivered . . . unless it contain[ed] an endorsement or provisions undertaking to pay the insured sums *which he shall be legally entitled to recover* as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle . . . ." Miss. Code Ann. § 83-11-101(1) (Rev. 2011) (emphasis added). In 2009, in an obvious legislative effort to expand UM coverage to include those who cannot recover from a vehicle operator protected by the MCTA, the Mississippi legislature amended Section 83-11-103—the statutory definition section. The amendment broadened the definition of "uninsured motor vehicle" to include any "motor vehicle owned or operated by a person protected under the [MTCA]." H.B. 936, Reg. Sess., 2009 Miss. Laws ch. 451, § 1 (codified as Miss. Code Ann. § 83-11-103(c)(vi) (Rev. 2022)).

¶9. But Section 83-11-101(1)'s language—that only those who were "legally entitled to recover" could utilize UM coverage—remained. Miss. Code Ann. § 83-11-101(1), (2) (Rev.

2022). Seizing on this section, some insurers began asserting that an insured is not legally entitled to recover from a person protected by the MTCA, despite the 2009 amendment.

¶10. State Farm made this argument before a Fifth Circuit Court of Appeals panel in *McGlothin v. State Farm*, 925 F.3d 741 (5th Cir. 2019). *McGlothin* was a diversity jurisdiction case confronting an uninsured-motor-vehicle claim based on an MTCA-immune operator. Because there was no existing case law from this Court, the Fifth Circuit panel made an *Erie* guess.[8] In *McGlothin*, the insured had asserted that the state legislature's 2009 amendment sufficiently created an exception to the "legally entitled to recover" language. *Id.* at 748. But the Fifth Circuit panel disagreed, guessing that this Court would hold that the "legally entitled to recover" language prevented the insured from recovering from State Farm under the UM Act. *Id.* at 748-49.[9]

¶11. As in *McGlothin*, State Farm argues here it is not responsible for coverage in either Lee's or Cooper's case based on the pre-2020 language of Section 83-11-101. But the Fifth Circuit's *McGlothin* opinion is not *binding* precedent in Mississippi. Nor does its analysis hold sway based on the statutory-interpretation gymnastics that court used to claim the legislature's 2009 expansion of the definition of uninsured motor vehicle did not provide uninsured motorist coverage for vehicles operated by immune government employees. *See id.* at 747-49.

¶12. This Court employs a far more reasonable and straightforward approach.

---

[8] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

[9] It was this ruling that prompted Mississippi legislators to amend Section 101 of the UM Act in the very next legislative session.

¶13. "Under the doctrine of in pari materia . . . section[s] of the Code dealing with the same or similar subject matter must be read together in order to determine the legislature's intent." *James v. State*, 731 So. 2d 1135, 1138 (Miss. 1999) (citing *Miss. Pub. Serv. Comm'n v. Mun. Energy Agency of Miss.*, 463 So. 2d 1056, 1058 (Miss. 1985)). And in divining the legislature's intent, this Court considers Section 83-11-101(1) and Section 83-11-103(c)(vi) together. We have held that "statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other *to give effect to each.*" *Tunica Cnty. v. Hampton Co. Nat. Sur., LLC*, 27 So. 3d 1128, 1134 (Miss. 2009) (emphasis added) (quoting *Miss. Gaming Comm'n v. Imperial Palace of Miss.*, 751 So. 2d 1025, 1029 (Miss. 1999)). Thus, if possible, Section 83-11-101(1) must be construed with Section 83-11-103(c)(vi) to give *each* provision effect.

¶14. The plain language of these two provisions is clear. And when the pre-2020 version of Section 83-11-101(1) is read with Section 83-11-103(c)(vi), it is apparent the legislature intended to expand uninsured motorist coverage to vehicles operated by employees protected by MCTA immunity. Indeed, this is the only interpretation that would not render the 2009 amended language in Section 83-11-103(c)(vi) meaningless. Otherwise, why would the legislature broaden Section 83-11-103 by adding a provision covering immune tort claim actors?

¶15. Moreover, contrary to State Farm's contention, this interpretation does not render the "legally entitled to recover" language in Section 83-11-101(1) meaningless. The reality is that Lee and Cooper *would* have been legally entitled to recover from the negligent police

7

officer and fireman *but for* their being "protected by immunity under the Mississippi Tort Claims Act." Miss. Code Ann. § 83-11-103(c)(vi).  So, when read together, both provisions' requirements are satisfied.

¶16.    As this Court has held, "[i]f statutes are susceptible to more than one interpretation, they *must* be given that which will best effectuate their purposes rather than one which would defeat them." ***Jones Cnty. Sch. Dist. v. Covington Cnty. Sch. Dist.***, 352 So. 3d. 1123, 1132 (Miss. 2022) (emphasis added) (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 63 (2012)).  And State Farm's interpretation would defeat the clear purpose of Section 83-11-103(c)(vi), while Lee's and Cooper's would not defeat Section 83-11-101(1)'s purpose.

¶17.    We note that this same statutory interpretation issue was recently teed up in ***Robinson v. Holmes County***, 284 So. 3d 730 (Miss. 2019).  But because a prima facie negligence case had not been made in ***Robinson***, a plurality of this Court found no need to discuss the interplay between the MTCA and UM Act. *Id.* at 734.  Presiding Justice Kitchens, however, did address the relationship between the MTCA and the UM Act in a dissent joined in full by Justice Griffis. *Id.* at 738-44 (Kitchens, P.J., dissenting).  Those two justices agreed that the legislature's intent in amending Section 103 was clearly to "protect our state's traveling public who incur damages in accidents with uninsured motorists." *Id.* at 741.  As Presiding Justice Kitchens and Justice Griffis saw it, "it would be unconscionable [for an insurer] . . . to reap a windfall by cloaking itself in MTCA immunity, especially if the immune entity

8

could be found negligent in whole or in part." ***Id.*** (citing ***Lawler v. Gov't Emps. Ins. Co.***, 569 So. 2d 1151, 1154 (Miss. 1990)).

¶18.    In conclusion, we find the clear language of Section 83-11-103(c)(vi), as amended in 2009, makes it apparent the legislature intended for State Farm to provide both Lee and Cooper uninsured motorist coverage for damages sustained from their collisions with city vehicles operated by immune city employees.  We thus reverse the Harrison County Circuit Court's grant of summary judgment to State Farm and remand the case for further proceedings consistent with this opinion.  And we affirm the Rankin County Circuit Court's grant of summary judgment to Cooper and remand the case for further proceedings consistent with this opinion.

¶19.    **AS TO NO. 2021-CA-00882-SCT: REVERSED AND REMANDED. AS TO NO. 2021-IA-01006-SCT: AFFIRMED AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., AND BEAM, J., NOT PARTICIPATING.**